### R. T. WHITNEY *v.* THE STATE.

1. GAMING.— The appellant was prosecuted under an indictment charging that he did "unlawfully keep and exhibit a gaming table for the purpose of gaming." The evidence disclosed that the appellant was the proprietor of a saloon, and kept in his saloon a table upon which the game of dice was thrown for drinks and money, and upon which the game of dominoes was played. *Held,* that the tables denounced by arts. 358, 359, 360 of the Penal Code are such tables only as are constructed for the playing of certain specific inhibited games, in which the table is not only a part of the gaming device, but is also essential to the proper playing of the game. See the opinion *in extenso* for the question discussed.

2. SAME.— Prior to the act of March 5th, 1881, amendatory of arts. 364 and 365 of the Penal Code, and which took effect ninety days after its passage, the throwing of dice was not *per se* in violation of any law of this State. See the opinion for the substance of the amendment.

APPEAL from the District Court of Erath. Tried below before the Hon. T. L. NUGENT.

The penalty imposed by a verdict of guilty was a fine of $25. The opinion discloses the entire case.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. In this case the charge in the indictment was that defendant did "unlawfully keep and exhibit a gaming table for the purpose of gaming." Only one witness testified. He said, "I know the defendant; he keeps a saloon in the town of Stephensville, Erath

county, Texas. About the 1st of December, 1880, the defendant, and for a long time before that time, had in his saloon a table upon which I saw the defendant and some other persons throw dice. I have seen dice thrown there a great many times for the drinks, and I have seen persons throw there for money. I have thrown dice on the table myself, and have seen others do the same; and also on the counter. I have thrown dice with the defendant for the drinks on that table. The table was sometimes used for playing the game of dominoes. There was kept on the table a leather box and five dice, and the game of dice was played this way: each one would throw and the person throwing the lowest hand would pay for the drinks. When they were throwing for money, each person would put his money on the table, and the person throwing the highest hand would take the whole amount. The dice box, dice and table were owned by the defendant."

We are of opinion the game here described does not come within the provisions of arts. 358, 359 and 360, Penal Code, with regard to keeping or exhibiting tables for gaming purposes. Article 359 expressly declares the character and description of the inhibited tables or banks, " to include every species of gaming device known by the name of table or bank of every kind whatever," and that this statutory provision " shall be construed to include any and all games which in common language are said to be *played, dealt, kept, or exhibited.*" Obviously the intention was to prohibit gaming upon tables or banks made or constructed with a view to certain specific games, in which the table or bank is not only part of the gaming device, but is also necessary to the proper playing of the game. In other words, the table or bank is an essential to the game, and from its peculiar construction and the manner in which it is operated, forms part of the game. This seems clearly to be the proper meaning of

the words "table" and "bank" as used in articles 358 and 359.

In article 360 certain other games are specially enumerated as coming within the meaning and intention of these articles, but their enumeration, it is declared, "shall not exclude any other properly coming within the meaning of the two preceding articles." Now, does throwing dice upon a common table, constructed in no manner with any peculiar reference to any particular game, come within the meaning of bank or gaming table, even though used principally for throwing dice upon? And does throwing dice *per se* come within the prohibited games mentioned in these articles? We think not. The table is not a part of nor essential to the game; for (if a game) the dice can be thrown as well upon the counter, upon a blanket spread upon the floor, upon a smooth surface of the ground it may be, as upon that table. If the table itself is not a gaming device or bank, then it cuts no figure in the game; it cannot be said to be *played, dealt, kept, or exhibited* for gaming purposes.

If the table upon which dice are thrown does not come within the prohibited tables or banks, it follows that throwing dice upon it is not within the statute, because it is not so expressly enumerated with other games in art. 360. "The words 'played' and 'dealt' have the meaning attached to them in common language. The word 'exhibited' is intended to signify the act of displaying the bank or game for the purpose of obtaining bettors." Penal Code, art. 363.

It is true that in some sections of the State the extent to which this evil is carried of throwing dice for money or drinks in saloons for retailing spirituous liquors has become a nuisance in society, and a crying shame to our civilization, besides being the fruitful source of disturbances of the peace and in many instances of bloodshed and murder. Happily our law-givers have appreciated the defects of our statutes in this respect, and, to coun-

teract the evil, at the last session of the Legislature passed an act which it is to be hoped will apply a remedy and suppress the mischief.   By act approved March the 5th, 1881, and which takes effect ninety days after adjournment, that body passed an amendment to articles 364 and 365 of the Penal Code, which amendment provides: " If any person shall bet or wager   *   *   *   money or anything of value   *   *   *   at any of the following games, viz., poker dice, jack pot, high dice, low dice, low die, dominoes, euchre with dominoes, poker with dominoes, sett with dominoes, muggins, crack-loo, crack or loo, or at any game of any character whatever which can be played with dice or dominoes, or on any table, bank, or alley by whatsoever name the same may be known, and without reference to how the same may be constructed or operated, he shall be fined not less than ten dollars nor more than twenty-five dollars; *provided*, no person shall be indicted under this section for playing any of said games with dice or dominoes at a private residence."   "Art. 365. If any person shall permit any game prohibited by the provisions of this chapter to be played in his house or a house under his control, or upon his premises or upon premises under his control, the said house being a public place, or the said premises being appurtenances to a public place, he shall be fined not less than twenty-five nor more than one hundred dollars." Gen. Laws, 17th Legislature, ch. XXV, p. 17.

In the case before us the indictment, though a good one, is not supported by the evidence that dice were thrown upon a common table.   At the time the offense is alleged to have been committed, gambling under such circumstances came within none of the rules pertaining to games which were *played, dealt, kept, or exhibited* for gaming purposes; and because the evidence does not support the charge in the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*